and others against Fulton Friedman & Gullace, No. 15-1859. We'll hear from Mr. Edelman. May it please the Court, Counsel. The Fair Debt Collection Practices Act requires that a debt collector send a notice notifying the consumer who the current creditor is in 15 U.S. Code 1692G. Failure to provide this notice is a violation. Defendant Fulton Friedman sends 19,000 standard form collection letters that do not identify who the current creditor is as such. Most debt collectors don't have a problem doing this. They simply state a creditor or current creditor with a name after it. Fulton Friedman in fact did that in other letters. Item 116-1 of the record starting at page 106. In this case, Fulton Friedman's form letters merely stated, please be advised that the referenced account has been transferred from asset acceptance to Fulton Friedman. What does that mean? One obvious meaning, it's the first one that shows up under transfer in the dictionary, is the debt is now owned by Fulton Friedman. District Court acknowledged that that was a clear disclosure of who owned the debt. It stated, quote, FFG's letters do not expressly identify which entity currently owns the purported debts. They do not actually label either entity as the owner of the purported debts, close quote. District Court nevertheless granted summary judgment for the defendants holding that a disclosure specifically required by statute is not material and that it was necessary that we show the actual reaction of consumers to the letter even if the statement regarding the required disclosure item is facially ambiguous. Neither of these points is correct. With respect to materiality, we start with a proposition that Congress requires the information, it has a right to do so, it's important. The information is in fact important. There is a fraudulent debt collection. Federal Trade Commission has brought at least seven cases against some 20 people who get information from court files, credit records, or similar sources and write to people or call people asking them to pay debts without any legal basis. The defendants in this had been the subject of a lawsuit that Ms. Janitos won. She didn't owe anything, so why is a letter sent out asking that she pay this non-debt? The circumstance suggests something very fishy. The government has issued statements saying that a consumer who gets a letter or a call from somebody that they're not familiar with should insist on the provision of the 1692G notice stating who the current creditor is and ascertain what the chain of title is and contact the people to determine who, if anyone, is authorized to collect the debt. The omission or lack of a clear statement as to who the current creditor is prevents this from being done. Well, how does that happen here? Because I think I argument being that the requirement is congressionally mandated and it's by definition material because it's congressionally required. But if we actually look at the letters here, the identity of the current owner was not withheld. It was simply ambiguously stated. And so I don't, and I see the peril of potential fraud as the motivation for this, but under the circumstances that we have here, I don't really see how there's a risk of fraud, even given the suspicious circumstances as you described for Ms. Janitos. Well, it ultimately turned out that Asset had retained Fulton Friedman to engage in collection activity. And that law firm was authorized to settle or clarified that the debt was not owed in Ms. Janitos' case. So I don't see the risk to people who received this letter. First risk is, let's assume that the consumer admits that they owe the money and they'd like to pay the right person. They may have a judgment against them. It draws 9% interest in Illinois. They get this ambiguous letter, which does not clearly disclose who owns the debt. It could be Asset, it could be Fulton, it could be a third party who has acquired the debt and hired Fulton. They stop and inquire, or they simply do nothing. Their liability increases unnecessarily. So yes, regardless of the precise reaction of the consumer to the failure to disclose, the failure to disclose is material, particularly when government agencies say it is important, find out what it is, check out that the person trying to collect is authorized. This is supposed to be voluntarily provided. It should not require investigation or inquiry by the consumer. So regardless of the precise reaction, it is important and it does have the potential to harm the consumer. It also harms law enforcement efforts. There is an effort here to document who provided. That was not done in this case and it does create issues. Judges in collection courts have noted that it is, that there may be a problem with people looking up court records and then contacting the consumers and asking them to pay money. And when you get that kind of observation and it's made known to the consuming public by the government, yes, you can have an adverse impact regardless of whether the demand is rightful or wrongful. Mr. Edelman, it seems to me you've got a clear-cut violation of 1692G here, the way these letters are set up. Does the more general provisions of 1992E and its subsection 10 add anything to your case? Not particularly. I think in this case they're largely cumulative. I'm inclined to agree with that because under those circumstances, the defense has a much stronger argument about needing evidence of actual confusion or deception. I would venture to state that where the problem is a required disclosure item, the burden is on the debt collector to provide that information clearly, without ambiguity, in a simple statement. And that once you That's what we said in Chuway regarding the amount of the debt, GA1, right? Correct. And this is very similar. The district court's decision was very similar, and it is wrong for essentially the same reason. And you did not need a survey in that case. The letter was found to be ambiguous on its face. Therefore, it is a problem. If the comment in Chuway about calling to get your current balance is a violation, a statement that the debt has been transferred to somebody who doesn't own it is also a problem. I'd like to briefly comment on the issue raised as to the liability of asset. Generally under the FDCPA, a principal debt collector is vicariously liable for the conduct of its agent debt collector, in this case Fulton Friedman. The defendant relies on the Clark case, which was a very strange case involving a converse situation. Someone sought to hold the attorney liable for the conduct of the client, and of course that would require some actual showing of involvement or authorization, which was not made out in the facts of that case. In this case, Asset Acceptance Recovery Services, an affiliate of Asset, actually did review these letters and for some reason released them. But I thought the critical point, from your Third Circuit's approach, was simply that Asset Acceptance retained ownership and is itself a debt collector. That is correct, Your Honor. Because you really don't need more than that. That is correct, although there is more than that. Unless Your Honors have some questions, I'd save the rest of my time. Okay, thank you. Mr. Horwitz for the defendants. May it please the Court. The decision of the District Court granting summary judgment to appellees and denying summary judgment to appellants should be affirmed for the following three reasons. First, the letters are not plainly false, misleading, or deceptive, or confusing under the FDCPA, as to the name of the creditor to whom the debt is owed. Second, because the letters are not plainly confusing under the FDCPA, the appellants were required to submit objective, extrinsic evidence to turn a potential of confusion into a showing that a significant fraction of the population was indeed confused. And third, and no such showing was made in this case. And third, even if the letters are found to be problematic under the FDCPA, they are not material. I don't understand those arguments under 1692 G.A. 2. I understand them on E and E10, but not the required disclosure. Let me explain, Your Honor. So 1692 G.A. 2 requires the name of the creditor to whom the debt is owed. In this case, the name of that creditor to whom the debt was owed is in the letter. It's on the letter, but not as the current creditor. Correct. The language current creditor is not used, Your Honor. But this court, in the Barnes case, 1692 G.A. 1 case, said that the amount of the debt, the specific term, the amount of the debt under the FDCPA, is not required in every letter. What about Chouet, where we had the ambiguous disclosure, which is what it looks like we have here? Chouet was a Category 3, what I call Category 3 locks case. Under this court's locks decision, as you know, is the letter plainly straightforward, Category 1. No. Does the letter have the potential for ambiguity? That's what the district court found, and that's what we believe exists in this case. Category 3 is, is the letter plainly false? I don't know. That analysis makes sense if the argument is it's deceptive, misleading. Not if there's just a straight failure to comply with a mandated disclosure, which cannot be made ambiguously. I read this, and I'd have to guess. I have no idea who owns this debt. Let me get back to the Chouet case to finish my thought on that first, Your Honor. Chouet, this court has described as having incoherent and contradictory language. It was a classic Category 3 case. In this case, when you look at the letters, as the district court appropriately found, yes, we agree the term creditor to whom the debt is owed is not in the letter, but that's not the standard in this court. The standard set forth in McMillan, the Seventh Circuit case, was, is the you need to follow the principles of 1692E. What was the violation in McMillan? McMillan, the issue was, had phraseology like, is this person dishonest? It was a 1692E case. Okay, well that's not what we have here. We have here a mandated disclosure. A mandated disclosure that this, correct Your Honor, but this court in Barnes said that the precise language amount of the debt doesn't have to be in the letter. There's enough indicia in the letter itself to explain or to at least create an ambiguity. If you look at the letter, the letter says... How do you get away with an ambiguous disclosure of what's required, like the amount of the debt and to whom the check should be made out? Because in this court, Your Honor, the treatment is we can't assign meaning to how the unsophisticated consumer is going to understand that. The court has the prerogative to decide under Category 3 that the confusing. But if there's a question, what this court has said repeatedly is, district court judges are not an appropriate proxy for the unsophisticated consumer. So in this case, the question is, how would the unsophisticated consumer understand this letter? And that's why this court in the past has said, you need to submit some objective extrinsic evidence. This court's very lenient to debtors by creating this Category 2, the potential for ambiguity. Other courts treat under the least sophisticated consumer and say, you know what? We can only look at the letter. But this court allows a plaintiff to present evidence. And in this case, what the district court did when it denied the motion on judgment on the pleadings was said, this is a close call, in fact. Defendants, you could have won, but I'm constrained. I can't sit as a proxy for the plaintiff. The plaintiffs in this case made a tactical decision not to develop the case. They insist they still rely on the letter itself. And when you look at the letter itself, it says asset acceptance is the assignee of the original creditor. Do you have a question? The original creditor isn't even identified as such. But I look at this. If I get this letter, who do I make the check out to? You can make the check out to Fulton, Freeman, and Galassi. How do I know that? The letter says that we are committed to honoring the payment plans. It says direct all communication. Communications, doesn't it? But your contention is asset acceptance still owns the debt. That's the creditor, right? Correct. So how do I know that? But by the terms of the letter, Your Honor, if you read the letter as a whole, we believe it doesn't say it precisely. It doesn't come close to saying that. And then you get to the question of materiality, Your Honor, which Judge Peterson raised, which is would this have a tendency to influence the unsophisticated consumer's decision in how to respond to the letter? Sure. Who do I make the check out to? Well, if you made the check out to Fulton, Freeman, and Galassi or asset acceptance, there would be no harm to the consumer. If Fulton, Freeman, in fact, is legit, right? There's no indication here that the district judge was at all aware of this risk of fraudulent debt collection. No, the district court was aware of that. That argument was made to him. The argument that the appellants make about fraud, as Judge Peterson pointed out, is not relevant in this case where the question is in a letter. The FTC and the CFPB. Sure, it's relevant because that's the reason, one of the reasons the requirement is in place. And the suggestion, if you've got any questions, contact us. Is Dave Smith a real person, by the way? Dave Smith is an alias for a real person, which is allowed. Okay. But this friendly Dave Smith is the guy who's saying send the money to us and what somebody who gets this, a debtor, really needs to be able to do is double check with either Chase, maybe, or in the case of Janitos, or in asset acceptance and say, are these guys legit? Are they authorized to collect? Right? You're entitled to do that. In fact, yeah, and the letter says, Your Honor. It says call me. No, the letter says if you have dispute about the debt, it gives a mandatory language under the FTCPA, which says if you want to dispute this debt, here's how you do it. And when the FTC and the CFPB issued their bulletins regarding fraud, they were talking about calling scams. And when they gave their guidance, they said one of the things you need to ask this person on the phone is for validation of the debt. What does FF&G do in this letter? They tell the consumer the specific statutory rights about the ability to dispute the debt and ask for validation. So the concern about this fraudulent debt collector is this is not this case. It's not this letter. No, it's not this letter, but that's the reason for the requirement. Right? The reason for the requirement is to make sure that the right person is being collected on and that they're not paying a debt that they've already collected from the right debtor. The obligation in 1692G is to make sure that you provide information regarding the debt so the debtor one knows what the debt is about. In this case, the name of the creditor, the person to whom who lent the money is in each letter. They know from this letter who loaned the money. They can recognize the account. They're not going to which presumes service. And these debtors are presumed to know their account history. Sometimes a heroic assumption. Right, but we're constrained by the fact that some of these debtors had service. Some of these letters were sent to attorneys. If I may, I raise the issue of materiality and I think it's a legitimate concern, but most of your arguments would, about the fact that the consumers weren't at risk here in this case, would apply even if the name of the current account owner had been omitted completely. You could have left off asset entirely from this letter because it happens to be the case that the law firm here was a legitimate agent of the current owner, and so they weren't committing fraud. So your argument all would address, I think, a really completely manifest violation where they just left off the account owner entirely. As long as the person purporting to be the agent of the account owner really was the agent of an account owner, the consumer's not really facing any peril. The real peril in this situation is where someone gets a letter, let's say you have an American Express debt, and you get a letter from a debt collector. Let's also say you have a Bank of America debt, and you get a letter from a debt collector you've never heard from before. And all it says is this is from debt collector. It doesn't say Bank of America, doesn't say American Express. In that situation, you don't know whether to dispute the account because you don't know which debt it's about. But Congress did say as a partial guard, not an impervious one, but a partial guard against that kind of fraud is you got to put the name of the current account owner on there. No question that Congress said you need to do that. With respect to materiality, however, what you have to remember is the purpose of the FDCPA is to prevent abusive conduct, and it's to provide information to make an intelligent choice. In this case, we believe based on the letter that this is not abusive conduct, and an intelligent choice could have been made, and no harm would have been suffered had they wanted to dispute the debt or pay the honor. When dealing with a specific disclosure requirement, I think there has to be a clear response to it that informs the consumer. I think it is clear from these letters that that is not present. There is no specific format that's required. It would be permissible and was, in fact, done by Fulton Friedman and other letters to express in prose the owner of your debt asset acceptance has retained this firm to collect from you, etc., etc. That's okay. I think the Chiu Wei case is actually a closer case for the debt collector than this case. There, it contained the amount but stated to obtain current balance information, call, and the ambiguity is if the amount is as stated, what do you need to call for? Why are you trying to collect a larger balance which you're informed orally? Here, you have some descriptive information and a meaning of transfer is sell, convey title. That's not the correct one. That is not a disclosure in any meaningful sense, and I would ask that the judgment be reversed. Thank you, Your Honors.